32

EX A-E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE F. RODGERS,

        Plaintiff,

v.

NATIONAL LABOR RELATIONS
BOARD,

        Defendant.

_____/

CIVIL ACTION NO. 06-15074

DISTRICT JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE DONALD A. SCHEER

F I L E D

JAN 3 1 2007

CLERK'S OFFICE
DETROIT

## REPORT AND RECOMMENDATION

I.  **RECOMMENDATION:**

I recommend that Plaintiff's Motion for Change of Venue be denied, and that Defendant's Motion to Dismiss be granted.

II.  **REPORT**:

A.  **Procedural History**

Plaintiff's Complaint ("Petition for Review") was filed in the Circuit Court of Wayne County, Michigan, on October 13, 2006. It was assigned to Judge Gershwin Drain as Case No. 06-629903. Defendant filed its Notice of Removal on October 13, 2006. Defendant's Motion to Dismiss was filed on the same date. Plaintiff filed a Response to the Motion to Dismiss and a Motion to Change Venue for Summary Judgment on December 1, 2006. Defendant's Reply Brief was filed on December 11, 2006.

B.  **Applicable Law and Standard of Review**

A Motion to Dismiss an action under Federal Rule of Procedure 12(b)(1) is an assertion that the Federal District Court lacks subject matter jurisdiction over the action

before it. Fed.R.Civ.P. 12(h)(3) provides that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party. The district court must weigh the merits of what is presented on a Rule 12(b)(1) Motion to Dismiss, and decide the question of subject matter jurisdiction. "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at the trial." Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1350.

Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint must be dismissed if it fails to state a claim upon which relief may be granted. In assessing a Motion to Dismiss under that section, the court "must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." Allard v. Weitzman (In Re: DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993) (citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.) cert. denied, 498 U.S. 867 (1990)); see also, Conley v. Gibson, 355 U.S. 41 (1957). "A Complaint need not set down in detail all the particulars of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

Although the standard is liberal, it requires more than the bare assertion of legal conclusions. DeLorean, supra, at 1240; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). The Complaint must "contain either direct or inferential

2

allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Scheid, 859 F.2d at 436 (quoting Carcarriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985)). If, on a motion asserting the failure to state a claim, the court considers matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.  Fed.R.Civ.P. 12(b).

### C.   <u>Factual Background</u>

On February 1, 2001, Plaintiff, Terrence F. Rodgers, filed an unfair labor practice charge with Defendant, National Labor Relations Board ("NLRB"), against his employer, Motor City Casino (Board Case No. 7-CA-43714).  (Defendant's Exhibit 1).  The charge was amended by petitioner on March 13, 2001.  (Defendant's Exhibit 2).  The amended charge alleged that the employer violated Section 8(a)(1) and (3) of the National Labor Relations Act ("NLRA") by imposing discriminatory discipline and by committing acts of retaliation for actions by Plaintiff which are protected activities under the statute. Specifically, the charge referred to disciplinary notices and a suspension resulting from an incident on January 14, 2001, and an additional disciplinary notice and suspension imposed on January 30, 2001.  (Defendant's Exhibit 4, page 1).

On April 3, 2001, Defendant's regional office issued a letter to Plaintiff and counsel for the employer, informing them that the charge had been administratively deferred to arbitration because, among other reasons, it was reasonably probable that the dispute could be resolved through the grievance-arbitration procedures of the parties' collective bargaining agreement.  (Defendant's Exhibit 3, pages 1-2).

3

On August 15, 2006, Defendant's Regional Director for Region Seven notified Plaintiff by letter that, based upon its investigation, further proceedings were not warranted. A summary report of the NLRB investigation was enclosed. (Defendant's Exhibit 4, page 1). The report explained that, since the grievances were no longer being pursued against the employer, continued administrative deferral was no longer warranted. The Regional Director detailed the evidence revealed by the investigation and concluded that the "available evidence failed to establish that the disciplinary notices and suspension issued . . . were the result of [Plaintiff's] union or protected concerted activities." (Defendant's Exhibit 4, page 1). The Regional Director determined that the discipline relating to the January 30, 2001 incident was settled on July 30, 2001, when the employer and petitioner's labor union resolved his grievance by reducing the discipline to a one day suspension. (Defendant's Exhibit 4, page 2). The letter explained that, where unfair labor practice issues can be resolved by contractual procedures, Defendant defers to such resolutions. Id. The Regional Director advised Plaintiff as to the procedures and deadline (August 29, 2006) for filing an appeal of the dismissal to the NLRB Office of the General Counsel. (Defendant's Exhibit 4, pages 1-3). There is no evidence that Plaintiff exercised his right of administrative appeal. Rather, he filed the instant "Petition for Review" of the decision with the Third Circuit Court of the State of Michigan. Defendant removed the action to this court pursuant to 28 U.S.C. §1442(a)(1).

**D.    Analysis**

Section 10(f) of the NLRA provides that:

> Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals . .

4

> . by filing in such court a written petition praying that the order
> of the Board be modified or set aside.

29 U.S.C. §160(f).  Under the Act, the NLRB does not initiate any unfair labor practice proceedings on its own, but acts only upon a charge filed by an individual, employer or union.  See Sections 3(d) and 10 of the Act (29 U.S.C. §§153(d) and 160).  Once a charge is filed, the Regional Director, on behalf of the General Counsel, investigates the charge to determine whether it has merit and whether a complaint should issue.  See, 29 C.F.R. §101.4 (2002).  If a complaint is filed, a formal adjudication process, including a hearing before an Administrative Law Judge (ALJ) is undertaken.  The ALJ's recommendation after hearing the evidence is reviewed by the Board.  Ultimately, the Board issues a decision and order, constituting a final agency determination.  The final order of the Board is reviewable by a court of appeals pursuant to Section 10(e) and (f) of the NLRA (29 U.S.C. §§160(e) and (f)).  The General Counsel of the Board, however, exercises general supervision over the officers and employees in the regional offices, and has "final authority," on behalf of the Board, in respect of the prosecution of complaints before the Board.  29 U.S.C. §153(d).  In NLRB v. United Food and Commercial Workers Union, Local 23, 108 S.Ct. 413 (1987), the Supreme Court held that dismissal by the General Counsel of a charge in favor of an informal settlement, even after the filing of a complaint, and without the charging party's consent, was a prosecutorial and not an adjudicative determination, and was thus not subject to judicial review under the National Labor Relations Act.

> The words, structure, and history of the LMRA[1] amendments to the NLRA clearly reveal that Congress intended to differentiate between the General Counsel's and the Board's "final authority" along a prosecutorial versus adjudicatory line. Section 3(d) of the NLRA provides that the General Counsel has "final authority" regarding the filing, investigation and "prosecution" of unfair labor practice complaints. Conversely, when the authority of the Board is discussed (with regard to unfair labor practice complaints), it is in the context of the *adjudication* of complaints.

108 S.Ct. 413, at 421 (1987).  Continuing its discussion, the Court observed that the general congressional framework dividing the sphere's of authority of the General Counsel and the NLRB along "prosecutorial" and "adjudicatory" lines was easy in its application. In writing for the majority, Justice Brennan observed that "[s]ome agency decisions can be said with certainty to fall on one side or the other of this line."  As an example, he cited "decisions whether to file a complaint" as "prosecutorial."  108 S.Ct. at 422.  In contrast, he cited the resolution of a contested unfair labor practice by the Board as "adjudicatory." Id. Section 10 of the NLRA (29 U.S.C. §160) provides specifically that final decisions "of the Board" are judicially reviewable.

> Fairly read, this may encompass any Board adjudication resolving an unfair labor practice complaint, whether by final order, consent decree, or settlement.  But it plainly cannot be read to provide for judicial review of the General Counsel's prosecutorial function.

105 S.Ct. At 424.

In an earlier case, NLRB v. Sears, Roebuck & Co., 95 S.Ct. 1504 (1975), the Court characterized the decision of a General Counsel not to file a complaint as "an unreviewable rejection of the charge filed by a private party."  95 S.Ct. at 1519 (citing Vaca v. Sipes, 87

---

[1] Labor Management Reform Act.

6

S.Ct. 903 (1967).  The <u>Vaca</u> decision, in turn, cites for the same proposition, <u>United Electrical Contractors Assn. v. Ordman</u>, 366 F.2d 776 (2nd Cir. 1966), <u>cert. denied</u>, 87 S.Ct. 753 (1967).  In <u>Ordman</u>, the Second Circuit Court of Appeals affirmed the decision of a district court that it lacked jurisdiction to review the day to day exercise of the discretion given to the General Counsel in the issuance of unfair labor practice complaints.  258 F.Supp 758 (S.D. N.Y. 1965).  Whether or not the <u>Ordman</u> line of cases is the root of the doctrine, the <u>United Food</u> and <u>Sears, Roebuck & Co.</u> decisions reveal its acceptance by the Supreme Court.

The Sixth Circuit is fully in accord with the principle that a decision by the General Counsel not to issue a complaint is unreviewable by the courts.  In fact, as pointed out in Defendant's Brief, our circuit implemented that policy long before it was clearly settled upon by the Supreme Court.  See <u>Anthony v. NLRB</u>, 204 F.2d 832, 833 (6th Cir. 1953); <u>Dunn v. Retail Clerks Int's Ass'n, Local 1529</u>, 307 F.2nd 285, 288 (6th Cir. 1962).  Sixth Circuit decisions subsequent to <u>Vaca v. Sipes</u>, have continued to apply the principle.  See <u>Mayer v. Ordman</u>, 391 F.2d 889, 889-91 (6th Cir. ), <u>cert. denied</u>, 393 U.S. 925 (1968).  <u>Jackman v. NLRB</u>, 784 F.2d 759, 763 (6th Cir. 1986); <u>Retail Wholesalers and Dept. Store Union, Local 310 v. NLRB</u>, 745 F.2d 358, 362 (6th Cir. 1984).  In two 1975 cases presenting facts closely analogous to those existing in the case at bar, the Sixth Circuit unequivocally asserted that the "General Counsel has unreviewable discretion to refuse to initiate an unfair labor practice complaint, <u>Tensing v. NLRB</u>, 519 F.2d 365 (6th Cir. 1975), and that the court's "have no jurisdiction to review a decision of the Board's General Counsel not to file a Complaint alleging unfair labor practice charges," <u>Echols v. NLRB</u>, 525 F.2d 288 (6th Cir. 1975).  Both cases cited <u>Mayer v. Ordman</u>, and <u>Vaca v. Sipes</u>, <u>supra</u>.

Plaintiff has offered nothing in opposition to Defendant's argument that this Court lacks subject matter jurisdiction.  He does claim, however, that he was denied the opportunity to appeal the Regional Counsel's decision to the Office of the General Counsel.  That argument is substantially undermined by the written communication of April 3, 2001 to Plaintiff from the Acting Regional Director.  (Defendant's Exhibit 3).  That letter clearly explains Plaintiff's right to obtain a review by the General Counsel of the decision to defer administrative proceedings.  Similarly, the Regional Director's August 15, 2006 letter to Plaintiff (Defendant's Exhibit 4), advising him of the dismissal of his charge, contained an explanation of his right to obtain a review of that action by filing an appeal with the Office of General Counsel.  All information necessary to perfect that appeal was provided.  Accordingly, responsibility for the failure to exercise his right of appeal rests with Plaintiff himself.  No evidence tending to excuse, or even explain, his failure to act is contained in this record.

In apparent recognition of the futility of seeking judicial review of the pre-complaint dismissal of his unfair labor practice charges, Plaintiff's Response to Defendant's Motion to Dismiss attempts to recast his lawsuit as an action for damages and equitable relief under Michigan's Elliott Larson's Civil Rights Act (ELCRA).   Rodgers claims that "Defendants were covered by and within the meaning of" ELCRA.  His use of the plural form is strange, in light of the fact that the NLRB is the only Defendant in this action. Plaintiff alleges, in vague and general terms, that the Board engaged in concerted activity with his employer (Motor City Casino) and union (Security Police and Fire Professionals of America) to harass him and retaliate against him for exercising his rights under the NLRA.  The only specific acts attributed to the Defendant are: a) a letter sent by the

8

Regional Director to a co-employee's attorney on November 27, 2002, in case No. 7-CB-13468; b) the Regional Director's deferral of charges in Case No. 7-CA-44485 on February 28, 2002; c) the Regional Director's acknowledgment of receipt of Case No. 7-CB-13469-1 on September 26, 2002; d) the Regional Director's acknowledgment of receipt of Case No. 7-CA-48397-1 on March 9, 2005; and e) the Regional Director's decision to dismiss Case No. 7-CA-48397 on April 27, 2005.

Plaintiff's purported ELCRA action should be dismissed for a variety of reasons. Initially, I would observe that nothing in Plaintiff's Complaint (Petition for Review) mentions or implicates any provision of ELCRA. On the contrary, the Complaint characterizes itself as "an action for review of the National Labor Relations Board's decision dated August 16, 2006 . . . pursuant to the National Labor Relations Act Section 10(f); 28 U.S.C.A. §2112(a)." Furthermore, the only prayer for relief in the Complaint before this court seeks money damages. Plaintiff has made no effort to amend his Complaint, and the mere incantation of ELCRA and "equitable relief" in a motion response is insufficient to change the nature or content of the claims before the court.

It should also be observed that the only conduct which Plaintiff attempts to attribute to Defendant NLRB was a series of official acts by, and within the authority of, the Regional Director, who acted under the supervision of the Board's General Counsel. As discussed at great length in the preceding section of this Report, the deferral or dismissal of an unfair labor practice charge by the Regional Director/General Counsel is a prosecutive act and unreviewable by the courts. NLRB v. United Food and Commercial Workers Union, Local 23, 108 S.Ct. 413, 424 (1987); NLRB v. Sears Roebuck & Co., 95 S.Ct. 1504, 1519 (1975) (citing Vaca v. Sipes, 87 S.Ct. 903 (1967)). In fact, Plaintiff here has not alleged any

9

action, wrongful or otherwise, on the part of the sole defendant in this case, the NLRB.

> The plain language of [the NLRA] reflects that the General Counsel acts "*on behalf of*" the Board. 29 U.S.C. §153(d). Clearly, this is not the same as an act "*of the Board*" itself. 29 U.S.C. §160(f).

NLRB v. United Food and Commercial Workers Union, Local 23, 108 S.Ct. 413, 424 (1987). (Emphasis in original).

In any event, Plaintiff's claim for money damages against the NLRB must be dismissed. The United States, as sovereign, is immune from suit except to the extent that it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). That sovereign immunity extends to agencies of the United States Government, unless Congress has specifically waived such immunity. Accordingly, the Supreme Court has held that suits against the National Labor Relations Board are barred by sovereign immunity, absent Congressional waiver permitting the suit. NLRB v. Nash-Finch Co., 404 U.S. 138, 147, n.4 (1971). A waiver of sovereign immunity must be "unequivocally expressed" within the language of a statute. United States v. Nordic Village, Inc., 503 U.S. 30, 33, 37 (1992). Plaintiff has cited no provision of the NLRA, or any other federal statute, waiving the NLRB's sovereign immunity and permitting the Board to be sued for damages. In the absence of a specific waiver, or an alternate statute creating the right to money damages, Plaintiff's claim for such relief is unsustainable.

The equitable relief to which reference is made in Plaintiff's Response to the Defendant's Motion to Dismiss is not requested in the Complaint before the court. Nor is the precise nature of the relief contemplated by Plaintiff described in his motion response. Presumably, he seeks an Order of this court reversing or precluding repetition of the

conduct described in his submission. As stated above, however, the only government conduct described in Plaintiff's motion response is comprised of official acts by the Regional Director acknowledging, deferring or dismissing unfair labor practice charges filed by Plaintiff (and, in one instance, by an unrelated co-worker), as described in various official notifications.[2] In each instance, the action taken by the Regional Director was within the unreviewable discretion granted under the NLRA. Furthermore, there is no element of concerted activity in the conduct of the Regional Director, as suggested in Plaintiff's motion response. Plaintiff has quite simply failed to describe any agency conduct which might reasonably be found to have violated his rights under ELCRA or the NLRA. "A complaint need not set down in detail all the particulars of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Although the standard is liberal, it requires more than the bare assertion of legal conclusions. Allard v. Weitzman (In re: Delorean Motor Co.), 991 F.2nd 1236, 1240 (6th Cir. 1993). The Complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). I am satisfied that, in this case, Plaintiff's purported claim for equitable (injunctive) relief is insufficient to support a judgment in his favor under any viable legal theory.

For all of the above reasons I recommend that Defendant's Motion to Dismiss be granted. Plaintiff's Motion to Change Venue (i.e. for remand) should be denied.

---

[2] Copies of the Regional Director's correspondence relating to each of the acts of which Plaintiff complains are attached, with designation "a" through "e".

11

III.   **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED:  1/31/07

12





United States Government

# NATIONAL LABOR RELATIONS BOARD
**Region 7**
477 Michigan Avenue - Room 300
Detroit, MI 48226-2569

Telephone (313) 226-3200
FAX    (313) 226-2090
www.nlrb.gov

November 27, 2002

Scott A. Brooks, Esq.
Gregory, Moore, Jeakle, Heinen & Brooks, PC
65 Cadillac Square, Room 3727
Detroit, MI 48226

Glenn V. Childs
4857 Manistique
Detroit, MI 48215

> Re:    International Union, Security, Police and Fire
> Professionals of America (SPFPA) and its Local 1212
> (Motor City Casino)
> Case 7-CB-13468

Gentlemen:

This is to advise you that I have conditionally approved the oral withdrawal request which the Charging Party has communicated in the above matter. I have conditionally approved the withdrawal request based on a representation that a private settlement has been reached between the parties. Therefore, this approval is conditioned on the performance of the undertakings in the private settlement between the parties: The Union will provide the Charging Party with a copy of the backpay and pay raise agreement based on Arbitrator Donald F. Sugerman's arbitration award of February 15, 2002, and will continue reasonable good faith efforts to secure from the Employer a copy of employee Terrence Rogers' 2000, "me-too" agreement grievance. If the Union is successful in securing a copy of Rogers' grievance, the Union will provide such copy to the Charging Party.

On application by the Charging Party, supported by evidence that the undertakings of the private settlement have not been complied with, the charge is subject to reinstatement for further processing.

Stephen M. Glasser
Regional Director

EC/ae

cc:

Int'l Union, Security, Police and Fire Professionals
of America (SPFPA) and its Local 1212
Attn: David Hickey
2410 Kelly Rd.
Roseville, MI 48066

Motor City Casino
Attn: Josephine Avery
2901 Grand River
Detroit, MI 48201



Case 2:06-cv-15044-MOB-DAS Document 8-1 Filed 01/31/07 Pg 17 of 32 Pg ID 126



United States Government
**NATIONAL LABOR RELATIONS BOARD**
**REGION 7**
477 Michigan Avenue – Room 300
Detroit, MI 48226-2569

Telephone (313) 226-3200
FAX (313) 226-2090
*www.nlrb.gov*

Febreuy 28, 2002

Terrence Rogers
18427 Margareta St.
Detroit, MI 48219

Verner, Liipfert, Bernhard,
McPherson and Hand Chartered
Attn: Harriet Lipkin, Esq.
901-15ᵗʰ Street, N.W.
Washington, D.C. 20005-2301

                    Re:  Motor City Casino
                         Case Nos. 7-CA-44485

Dear Mr. Rogers and Ms. Lipkin:

 In accordance with the National Labor Relations Board's decisions in ***Collyer Insulated Wire***, 192 NLRB 837 (1971); ***United Technologies Corporation***, 268 NLRB 557 (1984); and pursuant to "Arbitration Deferral Policy Under ***Collyer*** - Revised Guidelines", publicly issued by the General Counsel on May 10, 1973, I am declining to issue a complaint on the instant charge(s) based on my determination that further proceedings on the charge(s) should be administratively deferred for arbitration.

 My reasons for deferring the charge(s) are as follows:

 1. The dispute(s) herein, concerning the incident of Spetember 27, 2001 involving Terrence Rogers and supervisor James Krygowski, and Terrence Rogers' unsuccessful bid for days off in January 2002, appear to be cognizable under the collective bargaining agreement between the Employer and the collective bargaining representative of its employees.

 2. It is reasonably probable that the dispute(s) can be resolved through the grievance-arbitration procedures of the collective bargaining agreement.

 3. The collective bargaining agreement provides for final and binding arbitration of disputes; and

4. A grievance(s) has been filed concerning the first disputes(s), the Employer has agreed, in writing to waive the contractual time restriction for the and filing of a grievance on the second incident by Terrence Rogers and/or his collective bargaining representative.

Under Section 102.19 of the National Labor Relations Board's Rules and Regulations, the Charging Party may obtain a review of my administrative determination to defer further proceedings on the charge(s) by filing an appeal with the General Counsel addressed to the Office of Appeals, National Labor Relations Board, 1099 14th Street, NW, Washington, D.C. 20570, addressing a copy of the appeal to this office. This appeal must contain a complete statement of the facts and reasons on which it is based. The appeal must be received by the Acting General Counsel in Washington, D.C. by 5:00 p.m. on March 14, 2002. The appeal **MAY NOT** be filed by facsimile transmission. For good cause shown, however, the General Counsel may grant special permission to extend the time for filing. Requests for extension of time **MAY** be filed by facsimile transmission, and must be received no later than the time set above for the filing of the appeal. A copy of such request should be filed with this office. If the General Counsel determines that deferral of this charge(s) to arbitration is unwarranted, the case(s) will be remanded to me for appropriate action. But if the General Counsel sustains my decision, the case(s) will be remanded to me for deferral as set forth herein.

It is my intention to inquire as to the status of this dispute periodically, and no later than 90 days hence, and to accept and consider at any time requests and supporting evidence submitted by any party to this matter for dismissal of the charge(s), for continued deferral of administrative action on the charge(s), or for issuance of a complaint.

With respect to a charge(s) filed by a labor organization, it is my intention to dismiss the charge(s) in the event the charging union does not file and/or prosecute the grievance(s), or in the event the charging union notifies me that it does not intend to submit the dispute(s) to arbitration.

With respect to a charge(s) filed by an individual, it is my intention to revoke my decision to defer and resume processing of the charge(s) if the dispute(s) underlying the charge(s) is not promptly settled or submitted for arbitration or if the interests of the charging party are otherwise now in conflict with those of both parties to the contract.

It is my intention to revoke my decision to defer and to resume processing of the charge(s) in the event the Employer prevents or impedes the prompt resolution of the underlying dispute(s) through the contract grievance-arbitration procedures.

If the dispute(s) underlying the charge(s) is not resolved amicably under the grievance procedure and resort to arbitration proves necessary, the Charging Party may obtain a review of the arbitrator's final award by addressing a request for review to this office. The request should be submitted within a reasonable period of time of the issuance of the arbitration

award. The request should be in writing and contain a statement of the facts and circumstances bearing on whether the arbitral proceedings were fair and regular; whether the unfair labor practice(s) issues which gave rise to the charge(s) were considered and decided by the arbitrator; and whether the award is consonant with the purposes and polices of the National Labor Relations Act. *Spielberg Mfg. Co.*, 112 NLRB 1080 (1955); *Olin Corporation*, 268 NLRB 573 (1984).

In order to assist me in monitoring the status of the arbitral process and to facilitate my review of the arbitrator's award, if necessary, the parties are requested to sign and submit to the arbitrator the enclosed "Notice to Arbitrator" which request(s) the arbitrator to forward a copy of the arbitrator's award to me at the same time it is sent to the parties.

Very truly yours,

William C. Schaub, Jr.
Regional Director

Enclosures

RY/ld

cc:

Office of Appeals

Motor City Casino
Attn: Josephine Avery
2910 Grand River
Detroit, MI 48201



RO 7/55



United States Government
**NATIONAL LABOR RELATIONS BOARD - REGION 7**
477 Michigan Avenue, Room 300
Detroit, MI 48226-2569
Telephone (313)226-3200
Fax (313)226-2090
**www.nlrb.gov**
September 26, 2002

Mr. Terrence Rodgers,
18427 Margareta St.
Detroit, MI 48219

> Re:    Int'l Union, Security, Police Fire
>        Professionals of America & Local 1212
>        (Motor City Casino)
>        Case No. 7-CB-13469-1

Dear Mr. Rodgers:

Receipt is acknowledged of the charge filed by you in the above-captioned matter, a copy of which is enclosed.

Attention is called to your right and the right of any other party to be represented by counsel or other representative in any proceeding before the National Labor Relations Board. In the event you choose to have a representative appear on your behalf, please have your representative complete the "Notice of Appearance" Form NLRB-4701 and forward it promptly to this office.

Within the next few days you are expected to call the Board Agent named at the end of this letter in order to make arrangements to submit your evidence.

If you have not already done so, you are expected to supply to this office in writing the names, addresses and telephone numbers of all witnesses who may be expected to substantiate the allegations in your charge as well as a short summary of the anticipated testimony of each witness. Any documentary evidence in the form of letters, notes, contracts, etc. that may be in your possession should also be forwarded.

You should send the information requested above, including documentary evidence, to this office by return mail. It is possible that you may find it difficult or impossible to obtain certain information pertaining to your witnesses or to procure documents important to your case, in which event it is requested that you so advise the Board Agent named at

the end of this letter. All further communications and submissions should be directed to this agent.

If there is a questionnaire enclosed with this letter, you are expected to complete and return it to this office within ten days of your receipt of this letter. If you do not understand any of the questions or run into problems answering any part of the questionnaire, call the Board agent named below for assistance. However, your cooperation in this matter will be expected if you wish this agency to process your case.

Attached is a copy of Form NLRB-4541, pertaining to our investigative and voluntary adjustment procedures. Also enclosed is Form NLRB-4813, Notice of Designation of Representative as Agent for Service of Documents. The purpose and use of this document is explained in the above-mentioned enclosed Form NLRB-4541.

Please be advised that under the Freedom of Information Act, unfair labor practice charges and representation petitions are subject to prompt disclosure to members of the public upon request. In this regard, you may have received a solicitation by organizations or persons who have obtained public information concerning this matter and who seek to represent you before our Agency. You may be assured that no organization or person seeking your business has any "inside knowledge" or favored relationship with the National Labor Relations Board; their information regarding this matter is only that which must be made available to any member of the public.

Customer Service standards concerning the processing of unfair labor practice cases have been published by the Agency and are available upon request from the Regional Office.

Very truly yours,

*William C. Schaub Jr*
William C. Schaub, Jr.
Regional Director

Case Assigned To: Joseph P. Canfield
Telephone No:     (313)226-3239

cc:





RO 7/55

United States Government
**NATIONAL LABOR RELATIONS BOARD - REGION 7**
477 Michigan Avenue, Room 300
Detroit, MI 48226-2569

| | |
|---|---|
| Telephone | (313)226-3200 |
| Fax | (313)226-2090 |
| | **www.nlrb.gov** |
| E-Mail Address | Region7@nlrb.gov |
| Agency Toll Free Number | 1-866-667-6572 |
| Hearing Impaired | 1-866-315-6572 |

March 9, 2005

Mr. Terence Rodgers,
18427 Margareta St.
Detroit, MI 48219

Re:   Motor City Casino
Case 7-CA-48397-1

Dear Mr. Rodgers:

Receipt is acknowledged of the charge filed by you in the above-captioned matter, a copy of which is enclosed.

Attention is called to your right and the right of any other party to be represented by counsel or other representative in any proceeding before the National Labor Relations Board. In the event you choose to have a representative appear on your behalf, please have your representative complete the "Notice of Appearance" Form NLRB-4701 and forward it promptly to this office.

Within the next few days you are expected to call the Board agent named at the end of this letter in order to make arrangements to submit your evidence.

If you have not already done so, you are expected to supply to this office in writing the names, addresses and telephone numbers of all witnesses who may be expected to substantiate the allegations in your charge as well as a short summary of the anticipated testimony of each witness. Any documentary evidence in the form of letters, notes, contracts, etc. that may be in your possession should also be forwarded.

You should send the information requested above, including documentary evidence, to this office by return mail. It is possible that you may find it difficult or impossible to obtain certain information pertaining to your witnesses or to procure documents important to your case, in which event it is requested that you so advise the Board agent named at the

end of this letter. All further communications and submissions should be directed to this agent.

If there is a questionnaire enclosed with this letter, you are expected to complete and return it to this office within ten days of your receipt of this letter. If you do not understand any of the questions or run into problems answering any part of the questionnaire, call the Board agent named below for assistance. However, your cooperation in this matter is expected if you wish this agency to process your case.

Attached is a copy of Form NLRB-4541, pertaining to our investigative and voluntary adjustment procedures.

Please be advised that under the Freedom of Information Act, unfair labor practice charges and representation petitions are subject to prompt disclosure to members of the public upon request. In this regard, you may have received a solicitation by organizations or persons who have obtained public information concerning this matter and who seek to represent you before our Agency. You may be assured that no organization or person seeking your business has any "inside knowledge" or favored relationship with the National Labor Relations Board; their information regarding this matter is only that which must be made available to any member of the public.

It is possible that one or more individuals who may be involved in this case may have limited English proficiency. The Agency has taken certain steps to address those situations in which translation services are needed; these include various publications and documents translated into Spanish and other languages, and the hiring of bilingual Board agents in certain Regional offices. Our objective, as best we can, is to provide the necessary translation assistance to those who need it. To this end, it is requested that the parties advise this office as soon as possible as to the need for such assistance.[1]

Enclosed with this letter is a document entitled "Communications with Regional, Subregional and Resident Offices and Board Agents by E-Mail." The Region's E-mail address is Region7@nlrb.gov. The Board agent's E-mail address is listed below. Please provide your E-mail address, and that of your representative, for use by the Region for casehandling purposes.

Customer service standards concerning the processing of unfair labor practice cases have been published by the Agency and are available on the Agency's Internet under "Public Notices."

Very truly yours,

Stephen M. Glasser
Regional Director

---

[1] La Junta Nacional de Relaciones de Trabajo proveerá asistencia a personas con inglés limitado. Si usted necesita asistencia debido a su inglés limitado, debe avisar a esta Oficina tan pronto posible.

Case Assigned To:   Richard A. Yorke
Telephone No:       (313)226-3232
Richard.Yorke@nlrb.gov

cc:





United States Government
**NATIONAL LABOR RELATIONS BOARD**
**REGION 7**
477 Michigan Avenue - Room 300
Detroit, MI 48226-2569

Telephone (313) 226-3200
FAX (313) 226-2090
*www.nlrb.gov*

April 27, 2005

Terrence Rodgers
18427 Margareta St
Detroit MI   48219

RE:  MOTOR CITY CASINO
CASE 7-CA-48397

Dear Mr. Rodgers:

The Region has carefully investigated and considered your charge alleging violations under Section 8 of the National Labor Relations Act.

**Decision to Dismiss:**  Based on that investigation, I have concluded that further proceedings are not warranted, and I am dismissing your charge. A summary report of the basis for my conclusion is attached.

**Your Right to Appeal:**  The National Labor Relations Board Rules and Regulations permit you to obtain a review of this action by filing an appeal with the General Counsel of the National Labor Relations Board. If you wish to file an appeal, your attention is directed to the following:

**Appeal Due Date:**  The appeal **must** be received by the General Counsel in Washington, D.C. by the close of business at **5:00 p.m. on May 11, 2005.** However, if you mail the appeal, it will be considered timely if it is postmarked no later than one day before the due date. The appeal **MAY NOT** be filed by facsimile transmission.

**Extension of Time to File Appeal:**  Upon good cause shown, the General Counsel may grant you an extension of time to file the appeal. You may file a request for an extension of time by mail, facsimile transmission or through the Internet. The fax number is (202) 273-4283. Any request for an extension of time **must** be received no later than the appeal due date indicated above. Unless filed through the Internet, a copy of any request for extension of time should be sent to me. (Special instructions for requesting an extension of time over the Internet are set forth in the attached Access Code Certificate.)

**Appeal Contents:**  You are encouraged to submit a complete statement setting forth the facts and reasons why you want to appeal this decision. However, the enclosed Appeal Form (NLRB-4767) by itself will be treated as an appeal if timely filed upon the General Counsel and me.

RE:  MOTOR CITY CASINO
      CASE 7-CA-48397

## Summary Report

     The charge, filed by Terrence Rodgers, alleges that he was terminated on November 2, 2004 because of his activities on behalf of Local 1212, International Union, Security, Police, Fire Professionals of America ("Union") and on behalf of other employees.

     On November 2, 2004, Rodgers was terminated, assertedly for leaving his post without permission. On that day, after he punched in at the start of his shift at 8:00 a.m., he went to the associates' dining room. Rodgers' post at that time was at the charter bus arrival area, and since there was no bus scheduled to arrive before 9:00 a.m. that day, Rodgers' job was to walk the floor of the casino as a security guard. He did not seek or obtain authorization from MotorCity management to abandon his work assignment and go to the associates' dining room. While in the dining room, Rodgers met with a union steward and discussed a suspension he had recently received. MotorCity management was aware of this fact when it terminated Rodgers and it was noted on the termination report.

     The evidence is insufficient to link Rodgers' termination to the grievances he had filed. He admittedly left work without permission for at least 15 minutes on November 2, 2004, and there is no evidence that similar infractions by other security guards were treated disparately. According to MotorCity's work rules, such infractions are subject to disciplinary action, including termination.

     Based upon the above, further proceedings are unwarranted and the charge is dismissed.

**Address for Appeal:** The appeal should be sent to the General Counsel of the National Labor Relations Board, Office of Appeals, 1099 14th Street, N.W., Washington, D.C. 20570.

**Notice to Other Parties of Appeal:** You should notify the other party(ies) to the case that an appeal has been filed. Therefore, at the time the appeal is sent to the General Counsel, please complete the enclosed Appeal Form (NLRB-4767) and send one copy of the form to all parties whose names and addresses are set forth in this letter.

Very truly yours,

Stephen M. Glasser
Regional Director

RY/sr

cc:

General Counsel, Office of Appeals

Bradley T Raymond Esq
Finkel Whitefield Selik Raymond
Ferrara & Feldman
32300 Northwestern Hwy   Ste 200
Farmington Hills MI   48334-1567

Ms Josephine Avery
Motor City Casino
1922 Cass
Detroit MI   48226

*appeal of "e"*

April 30, 2005

General Counsel
Att: Office of Appeals
National Labor Relations Board
Room 8820
1099 14th Street, N.W.
Washington
Re: Motor City Casino
Case No. 48397

     Please accept this letter as my formal request to appeal the decision made on April 27th, 2005, by the Region 7 Office. The Summary states that I was "terminated because of my activity on behalf of Local 1212, S.P.F.P.A. "(Union)" and other employees". This was not the grounds for this complaint.

     The Regional Office misunderstood my testimony with regards to my **working in concert with the union/company jointly. (See enclosed copy of W-2 from local 1212)**

     This complaint is being generated due to the termination of my employment on November 2nd, 2004, and the reason given for the said termination?

     Please refer to the letter submitted to your office of Appeals on January 15th, 2005 (see enclosed). Also please accept the documents of evidence that was sent with this letter in support of this appeal.

     On November 1, 2004, I personally served a copy of my **complaint of harassment** on the security department, hand delivering to Ms. Amina Bell, secretary to the director Mr. Bill Cummings and also on Mr. James Krygowski, the day shift manager. Being advised that it wasn't company policy to accept **complaints of harassment** there, I then served the complaint on Ms. Josephine Avery at the Human Resource Department. (See enclosed)

Respectfully Submitted

Terrence F. Rodgers



FORM NLRB-4767
(7-03)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

### APPEAL FORM

Date: *April 30, 2005*

To: General Counsel
Attn: Office of Appeals
National Labor Relations Board
Room 8820, 1099 14th Street, N.W.
Washington, D.C. 20570

Please be advised that an appeal is hereby taken to the General Counsel of the National Labor Relations Board from the action of the Regional Director in refusing to issue a complaint on the charge in

_Motor City Casino_

Case Name(s).

_7-CA-48397_

Case No(s). (If more than one case number, include all case numbers in which appeal is taken.)

_Terrence Rodgers_
((Signature)